IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **ROBERT W. MORGAN,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| *Defendant*. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Robert W. Morgan, Plaintiff in the above-styled and numbered civil action seeks the return of property taken from him in a wrongful levy of a joint bank account and all necessary declaratory relief necessary to determine the ownership of funds in the said account immediately prior to the wrongful levy. For cause, Morgan respectfully pleads:

I.
**Parties**

1. Plaintiff, Robert W. Morgan, is an individual who is a resident of Santa Fe County, New Mexico. His Social Security Number is xxx-xx-3187.

2. Defendant, the United States of America, is a proper party defendant in this case to determine: (1) the Plaintiff's right to recover property that was wrongfully levied; and (2) to determine Plaintiff's ownership of funds in a joint checking account under the laws of New Mexico. The Defendant may be served with process through:

    a. the United States Attorney for the District of New Mexico, Mr. John C. Anderson, or the designated Civil Process Clerk, Ms. Diane Tapia, at 201 3rd Street NW, Suite 900, Albuquerque, New Mexico 87102; and

    b. the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001.

## II.
## Jurisdiction & Venue

3.    This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1346(a). This Court further has the jurisdiction pursuant to 26 U.S.C. § 7426 (wrongful levy) and 28 U.S.C. §§ 2201–02 (declaratory judgment). This Court may properly exercise its jurisdiction over the Defendant pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7426(a).

4.    Venue is proper within this District pursuant to 28 U.S.C. § 1402(a).

## III.
## Background

5.    At all relevant times, Robert W. Morgan has been the owner and a depositor involving a checking account at Bank of America, account xxxx-xxxx-2394. When the Checking Account was opened, Morgan was domiciled in Harris County, Texas, and the Checking Account was opened at a Bank of America branch located in Harris County, Texas.

6.    During January 2019, Morgan started to reside in Santa Fe County, New Mexico at a residence owned by his long-time friend, Mike Willis, and he updated the mailing address for statements and other correspondence related to the Checking Account to reflect a Santa Fe County, New Mexico mailing address. All of his mail is being

forwarded to this address, and the mail forwarding is scheduled to expire on, or about, March 21, 2020.

7. On, or about, March 22, 2019, Morgan desired to have another signatory on the Checking Account so that banking transactions could be done in the event he was temporarily unable to conduct the transaction himself. He intended to add Mike Willis' wife, Francie (SSN xxx-xx-0634), as an authorized signer on the account. Morgan and Francie Willis both went, in person, to the Bank of America branch at 1234 St. Michaels Drive, Santa Fe, New Mexico 87505 to accomplish this. Morgan was told that the only way he could accomplish this was to convert the account to a joint account, and he willingly did so. From that point, the account was styled as, "Robert W. Morgan and Francie M. Willis." The date prior to Francie Willis being added to the Checking Account, the balance was $146,541.42. All of the funds deposited into the Checking Account as of this date were funds belonging to, or earned by, Morgan.

8. Unbeknownst to Morgan, Francie Willis owed substantial sums of unpaid taxes to the IRS.

9. On, or about, November 13, 2019, Morgan learned that the Checking Account was frozen due to a request by the IRS in order to collect part of the debt she owed to the IRS. The balance of the Checking Account on this date was $145,112.01. Prior to the attachment date, Morgan never received any notice of intent to levy or other notice from the IRS regarding the collection of any tax. At all material times, Morgan has timely filed his personal tax returns and has timely paid all taxes due.

10. Ultimately, the IRS levied $145,112.01 from the Checking Account and applied it to the taxes owed by Francie Willis. Additionally, Bank of America charged Morgan $125.00 as a service charge as a result of the levy.

11. From the time Francie Willis was added to the Checking Account, all deposits of monies into the account were earned by Morgan or were directly attributable to income earned by Morgan. As shown in the table below, Morgan received Social Security payments totaling $15,434.10. Francie Willis deposited $0 into the Checking Account; therefore, all interest and other income was based upon Morgan's deposits:

| | |
|---|---|
| Balance at March 20, 2019 | $146,541.42 |
| Summary of Deposits from Mar. 21, 2019–Nov. 13, 2019 | |
|    Social Security paid to Morgan | $15,434.10 |
|    Interest | 19.27 |
|    Bank Reward | 29.31 |
|    Total Deposits from Mar. 21, 2019–Nov. 13, 2019 | $15,482.68 |
| Total Deposits Attributable to Morgan | $162,024.10 |

12. Francie Willis was formally removed from the account on November 14, 2019.

## IV.
## Wrongful Levy

13. Incorporating the foregoing facts, Morgan brings an action for wrongful levy pursuant to 26 U.S.C. § 7426(a). On, or about, November 13, 2019, a levy was made on property belonging to Morgan. At no time was Morgan indebted to the Defendant for an

any of the unpaid taxes at issue. In fact, at no relevant time has Morgan been subject to any collection activity by the IRS for any delinquent income taxes.

14. In applying the Tax Code, ownership of funds in a joint checking account is determined according to the applicable state law. *United States v. National Bank of Commerce*, 472 U.S. 713, 722 (1985). Under New Mexico law, joint accounts belong to the parties in proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent. NMSA 1987 § 45-6-211(B) (eff. Jul. 1, 1992); *see also Johnston v. Sunwest Bank of Grant County*, 1993-NMSC-060, ¶ 9, 863 P.2d 1043, 1045 (1993) (while a joint account holder may withdraw any, or all, of the funds, the intentions of the parties and the parties' respective contributions to the account determine ownership); *Montoya v. Velasquez (In re Strom)*, No. 7-10-14024-TA, 2013 WL 265071, at *5 (Bankr. D. N.M. Jan. 10, 2013) (Thuma, J.). From any measure, Morgan owned $146,541.42 at the time Francie Willis became a signatory on the Checking Account.

15. None of the monies deposited into the Checking Account from March 21, 2019 through November 13, 2019 were deposited by Francie Willis or represented monies earned by her.

16. Because the deposits into Checking Account clearly belonged to Morgan pursuant to New Mexico law, he is entitled to recover the the funds wrongfully levied from the Checking Account pursuant to 26 U.S.C. § 7426(b)(2). Specifically, the Court should grant a judgment for the full amount levied in the amount of $145,112.01 plus all associated bank charges amounting to $125.00. Upon entry of a judgment, the Court should

order the Defendant to immediately return the wrongfully levied funds to Morgan's sole possession.

## V.
## Declaratory Judgment

17. Incorporating the foregoing facts in Paragraphs 1 through 16, *supra*, Morgan seeks a declaratory judgment regarding the ownership of the funds in the account. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201–02.

18. Declaratory relief is necessary because there is a boba fide dispute as to the ownership of the funds that were wrongfully levied by the IRS and whether the funds can be used for the satisfaction of a debt owed by Francine Willis.

19. In applying the Tax Code, ownership of funds in a joint checking account is determined according to the applicable state law. *National Bank of Commerce*, 472 U.S. at 722. Under New Mexico law, joint accounts belong to the parties in proportion to the net contribution of each to the sums on deposit, unless there is clear and convincing evidence of a different intent. NMSA 1978 § 45-6-211(B) (West 2019); *see also Johnston*, 1993-NMSC-060, ¶ 9, 863 P.2d at 1045; *Strom*, 2013 WL 265071, at *5. From any measure, Morgan owned $146,541.42 at the time Francie Willis became a signatory on the Checking Account, and the Court should declare Morgan the owner of such amount of the funds that were wrongfully levied from the Checking Account.

20. For these reasons, it is necessary for the Court to determine Morgan's ownership of funds in the Checking Account. In connection with obtaining such a declaration,

Morgan seeks a judgment against the Defendant for reasonable attorneys' fees, costs of Court, and all other appropriate relief.

WHEREFORE, premises considered, Robert W. Morgan, respectfully requests that the Defendant be summoned to appear and answer, and after a trial on the merits, that the Court:

a. Determine that Morgan was the owner of $145,112.01 in funds that were levied from Bank of America Checking Account xxxx-xxxx-2394 plus all bank charges imposed on Morgan as a result of the wrongful levy;

b. Enter a judgment against the Defendant for $145,237.01;

c. Order the Defendant to pay Morgan the full amount of the judgment upon its entry; and

d. Grant Morgan all such further legal and equitable relief which is just.

Respectfully Submitted,

**Pendergraft & Simon, LLP**

/s/ *William P. Haddock*
William P. Haddock
Texas Bar No. 00793875
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Application for admission* pro hac vice *pending*

*Counsel for Plaintiff*

Of counsel:
**Sommer, Udall, Hardwick & Jones, PA**

/s/ *Estevan Sanchez*
Estevan R. Sanchez
PO Box 1984
Santa Fe, NM 87504-1984

Tel. (505) 982-4676
Fax. (505) 988-7029

Mr. Haddock is certified as a member in good standing of the Bar of the State of Texas.